UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL EUGENE GRIFFIN,

Plaintiff,

v.  CAUSE NO. 3:22-CV-685-DRL-MGG

NANCY MARTHAKIS *et al.*,

Defendants.

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, filed an amended complaint against seven defendants because he was unhappy with his medical care following his thumb surgery and hernia surgery. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A. *Thumb Surgery.*

On December 28, 2021, Mr. Griffin, who is housed at the Indiana State Prison (ISP), underwent thumb surgery. ECF 14 at 3. The surgery consisted of cutting the bones in his thumb apart and inserting a metal pin and wires to keep the bones in place. *Id*. After the surgery, his hand was placed in a cast. *Id*. Later that day, when Mr. Griffin returned to

ISP, Dr. Nancy Marthakis prescribed Tylenol for his pain. *Id*. Because the Tylenol was ineffective in controlling his pain, Mr. Griffin submitted multiple healthcare request forms stating he was in severe pain. *Id*.

On January 4, 2022, Mr. Griffin saw Nurse Jennifer Burrell and told her the medication did not control his pain. *Id*. Nurse Burrell discussed Mr. Griffin's medication concerns with Dr. Marthakis, who he asserts disregarded his complaints of pain and refused to change the Tylenol prescription. *Id*.

Almost a week later, on January 10, Mr. Griffin was seen by Nurse Turner, who checked his cast. *Id*. He explained the cast was causing him pain and he needed gauze to protect his hand from the pain caused by the cast. *Id*. However, Mr. Griffin asserts Nurse Turner disregarded his complaints and refused to give him gauze. *Id*. He next spoke with Sergeant Wood, the custody officer in charge of the medical unit, because he believed Nurse Turner was not acting like a responsible medical professional. *Id*. at 4. Mr. Griffin asserts Sergeant Wood refused to help him and told him to leave the medical unit. *Id*.

As previously explained (ECF 11 at 3-4), under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir.

2

2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotations and citations omitted).

Mr. Griffin has sued Dr. Marthakis, Nurse Burrell, Nurse Turner, and Sergeant Wood alleging they were deliberately indifferent to his severe pain when they failed to provide him with effective pain medication and gauze for his cast following his December 28, 2021, thumb surgery. ECF 14 at 3-4. He asserts the lack of appropriate medical care was tantamount to cruel and unusual punishment. *Id*.

The factual allegations in Mr. Griffin's amended complaint permit a plausible inference that Dr. Marthakis was deliberately indifferent to his pain following his thumb surgery. Mr. Griffin asserts he filed multiple healthcare request forms because the Tylenol medication Dr. Marthakis prescribed was ineffective in controlling his severe pain. Dr. Marthakis, however, disregarded his complaints of pain and refused to change his medication. Giving Mr. Griffin the benefit of the inferences he is entitled to at this stage of the proceedings, he has stated a claim against Dr. Marthakis for providing him with constitutionally inadequate pain medication treatment following his thumb surgery.

However, the factual allegations in Mr. Griffin's amended complaint do not permit a plausible inference that Nurse Burrell was deliberately indifferent to his pain from his thumb surgery. He alleges that, after he told Nurse Burrell his medication was ineffective in controlling his pain, she discussed his concerns with Dr. Marthakis. These allegations do not constitute deliberate indifference. Mr. Griffin has not stated a claim against Nurse Burrell.

Nor has Mr. Griffin stated a claim against Nurse Tuner for not providing him with gauze for his cast. On January 10, Nurse Turner checked Mr. Griffin's cast and determined gauze was not warranted. As the court has already explained (ECF 11 at 5), these facts do not permit a reasonable inference that Nurse Turner did not exercise her medical judgment when she assessed his cast and need for gauze. Mr. Griffin has not stated a claim against Nurse Turner.

To the extent Mr. Griffin asserts Sergeant Wood was deliberately indifferent to his pain when he refused to help him obtain gauze, the court previously explained (ECF 11 at 5), there are no facts that indicate Sergeant Wood was personally involved in decisions about his medical care or cast. A lawsuit against an individual under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Griffin has not stated a claim against Sergeant Wood.

B. *Hernia Surgery.*

On May 9, 2022, Mr. Griffin underwent hernia surgery. ECF 14 at 4. After the surgery, the surgeon advised Officer Kowar, the custody officer who escorted Mr. Griffin

4

to the hospital, that he had prescribed Percocet and that Mr. Griffin would have pain following his surgery. *Id*.

Upon returning to ISP on May 9, Officer Kowar accompanied Mr. Griffin to the medical unit where Nurse Burrell, Nurse Irasema Block, Nurse Theresa Liedtke, and Sergeant Wood were working. *Id*. Mr. Griffin, who was seen by Nurse Burrell, asked her to let Dr. Marthakis know the surgeon had prescribed Percocet and he needed it for his pain. *Id*. However, Nurse Burrell told Mr. Griffin that Dr. Marthakis would not prescribe narcotic pain medication. *Id*. He asserts that Nurse Block, Nurse Liedtke, Officer Kowar, and Sergeant Wood did not contact Dr. Marthakis or other medical staff to help him obtain his pain medication. *Id.*

Mr. Griffin asserts Dr. Marthakis was deliberately indifferent to his complaints of pain because she refused to give him Percocet, which had been prescribed by his surgeon, or any pain medication following his hernia surgery. *Id*. A prison doctor may exercise her medical judgment to prescribe an alternative drug to one ordered by a specialist. *See Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) ("We routinely have rejected claims, however, where a prisoner's claim is based on a preference for one medication over another unless there is evidence of a *substantial* departure from acceptable professional judgment." (emphasis in original)). But a doctor may not refuse to give a prisoner any painkillers at all after one was prescribed by an outside surgeon. *See Walker v. Benjamin*, 293 F.3d 1030, 1040-41 (7th Cir. 2002). Nor may a doctor flatly refuse to prescribe any prescription-strength pain medication, relying instead on over-the-counter substitutes. *See Hayes v. Snyder*, 546 F.3d 516, 524-25 (7th Cir. 2008). Here, Mr. Griffin has plausibly

5

alleged his pain medication treatment following his hernia surgery was constitutionally inadequate. He has stated a claim against Dr. Marthakis.

Mr. Griffin next alleges that Nurse Burrell was deliberately indifferent to his pain following his hernia surgery. As the court previously explained (ECF 11 at 7), though he asserts Nurse Burrell told him Dr. Marthakis would not prescribe Percocet, other than this single interaction with Nurse Burrell, he does not describe any other interaction with her. He also does not allege he asked Nurse Burrell for an alternative pain medication. Mr. Griffin's allegations do not constitute deliberate indifference. He has not stated a claim against Nurse Burrell.

As to Nurse Block, Nurse Liedtke, Sergeant Wood, and Officer Kowar, he has not alleged they were personally involved in his medical care on May 9. *Palmer*, 327 F.3d at 594. After he returned from the hospital, Officer Kowar escorted him to the medical unit where Nurse Block, Nurse Liedtke, and Sergeant Wood were working. As the court previously explained (ECF 11 at 8), though Mr. Griffin asserts these four defendants did not contact Dr. Marthakis or medical staff to help him obtain his pain medication, he has not described his interaction with each defendant or alleged he asked them for help in obtaining medication. Because the allegations in Mr. Griffin's amended complaint have not materially changed, it cannot plausibly be inferred that he has stated claims for deliberate indifference against Nurse Block, Nurse Liedtke, Sergeant Wood, and Officer Kowar.

For these reasons, the court:

(1) GRANTS Virgil Eugene Griffin leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing him with constitutionally inadequate pain medication treatment following his thumb surgery on December 28, 2021, in violation of the Eighth Amendment;

(2) GRANTS Virgil Eugene Griffin leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing him with constitutionally inadequate pain medication treatment following his hernia surgery on May 9, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Nurse Jennifer Burrell, Nurse Tiffany Turner, Nurse Irasema Block, Nurse Theresa Liedtke, Sergeant Wood, and Officer Kowar;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 14);

(6) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 24, 2024                                           *s/ Damon R. Leichty*
                                                       Judge, United States District Court