UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL EUGENE GRIFFIN,

Plaintiff,

v.                                                  CAUSE NO. 3:22-CV-685 DRL-SJF

NANCY MARTHAKIS,

Defendant.

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, is proceeding in this case against Dr. Nancy Marthakis on two Eighth Amendment claims: (1) "for providing him with constitutionally inadequate pain medication treatment following his thumb surgery on December 28, 2021[;]" and (2) "for providing him with constitutionally inadequate pain medication treatment following his hernia surgery on May 9, 2022[.]" ECF 18 at 7. On January 21, 2025, Dr. Marthakis filed a partial summary judgment motion, arguing Mr. Griffin didn't exhaust his administrative remedies with regard to his thumb surgery claim before he filed this lawsuit. ECF 27. With the motion, Dr. Marthakis provided Mr. Griffin the notice required by N.D. Ind. L.R. 56-1(f). ECF 31. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Mr. Griffin hasn't responded. Therefore, the court will now rule on Dr. Marthakis' motion for partial summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781

F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Dr. Marthakis provides an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Mr. Griffin's grievance records.[1] During all relevant times, an Offender Grievance Process was in place at ISP. ECF 28-1 at 1. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 1-2, 9. Mr. Griffin's grievance records show he submitted a grievance related to his thumb surgery, but didn't fully exhaust that grievance. *Id.* at 5-6. Specifically, Mr. Griffin submitted Grievance 137530 on January 10, 2022, complaining he'd been denied pain medication following his thumb surgery. *Id.* at 5, 34. On February 14, 2022, the grievance office issued a response denying Grievance 137530 on its merits. *Id.* at 5, 29. Mr. Griffin submitted a Level I appeal to the warden, which the warden denied. *Id.* at 5-6, 30-31. Mr. Griffin never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to fully exhaust the grievance. *Id.* at 6, 23, 30.

---

[1] Because Mr. Griffin hasn't responded to Dr. Marthakis' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. Griffin's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, the undisputed facts show Mr. Griffin didn't fully exhaust any grievance related to his thumb surgery claim, as it's undisputed Mr. Griffin submitted a relevant grievance but didn't fully exhaust that grievance by submitting a Level II appeal to the Department Grievance Manager. Mr. Griffin doesn't provide any evidence he submitted any other relevant grievances or his administrative remedies were in any way unavailable. Therefore, Dr. Marthakis has met her burden to show Mr. Griffin didn't fully exhaust his administrative remedies with regard to his thumb surgery claim before he filed this lawsuit. Summary judgment is warranted in her favor on this claim.

For these reasons, the court:

(1) GRANTS Dr. Marthakis' motion for partial summary judgment (ECF 27);

(2) DISMISSES Virgil Eugene Griffin's claim "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing him with constitutionally inadequate pain medication treatment following his thumb surgery on December 28, 2021, in violation of the Eighth Amendment;" and

(3) REMINDS the parties this case is now proceeding only on Virgil Eugene Griffin's remaining claim "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing him with constitutionally inadequate pain medication treatment following his hernia surgery on May 9, 2022, in violation of the Eighth Amendment[.]"

SO ORDERED.

March 21, 2025                    s/ Damon R. Leichty
                                 Judge, United States District Court