UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VIRGIL EUGENE GRIFFIN, Plaintiff, v. NANCY MARTHAKIS, Defendant. | CAUSE NO. 3:22-CV-685-DRL-SJF |

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, signed a motion on July 25, 2025, asking to file an amended complaint. ECF 54. The deadline for amending pleadings expired on May 16, 2025. ECF 34. As noted in the scheduling order, "under Federal Rule of Civil Procedure 16(b)(4), this scheduling order can be modified only for good cause[.]" *Id*.

Griffin seeks to add Nurse Practitioner Diane Thews as a defendant. He says "[d]uring discovery plaintiff has learned that Nurse Practitioner Diane Thews was the main, so call 'provider,' regarding plaintiff's hernia care treatment." ECF 54. He does not cite to where he learned this information. Though Northern District of Indiana Local Rule 26-2(a)(2)(A) requires that all discovery be filed in this case, the court has not found what discovery response told him that NP Thews was his main provider for hernia treatment.[1] Neither does he explain why he was unable to learn about her role in

---

[1] He attaches 32 pages of exhibits to his complaint, but the court has not found a refereence to NP Thews in those documents. *See* ECF 54-2. The only discovery response reference to her was not

his care before the amended pleadings deadline expired. As such, he has not shown good cause to modify the scheduling order.

    For these reasons, the motion to amend (ECF 54) is DENIED.

    SO ORDERED on August 13, 2025.

                                                s/Scott J. Frankel
                                                Scott J. Frankel
                                                United States Magistrate Judge

---

provided until after Griffin filed this motion and it does not identify her as a provider of his hernia care treatment. It merely says, "He was seen by Diane Thews, APN on June 7, 2022, after which he received 500 mg ES Tylenol twice daily for pain." ECF 52 at 2-3. This single interaction is not a basis for infering she was the main provider of his hernia care treatment or for plausibly alleging she was deliberately indifferent to his need for medical care.